UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS SPEARMAN,

                              CASE NO. 2:17-cv-12200

       *Plaintiff*,          DISTRICT JUDGE NANCY G. EDMUNDS
*v.*                        MAGISTRATE JUDGE PATRICIA T. MORRIS

MICHIGAN, STATE OF,
MICHIGAN DEPARTMENT OF CORRECTIONS,
DAVID M. LEACH,
THOMAS FINCO,
JOHN DOES,
CATHLEEN STODDARD,
ROBERT NAPEL,
JEFFREY WOODS,
CATHERINE S.BAUMAN,
and SHANE PLACE,

       *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO TRANSFER CASE AND CHANGE VENUE
### (Doc. 29)

## I.     RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Transfer Case and Change Venue, (Doc. 29), be **GRANTED**, and that the District Court order the **TRANSFER** of this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a), because venue lies in that district. 28 U.S.C. § 1391(b).

## II.    REPORT

### A.    Introduction

Plaintiff Rufus Spearman, a state prisoner incarcerated at Chippewa Correctional Facility, filed this *pro se* federal civil rights action under 42 U.S.C. § 1983 on July 5, 2017, alleging violations of his religious freedom. (Doc. 1). On September 1, 2017, Plaintiff filed an Amended Complaint fleshing out the facts underlying his claim. (Doc. 12). Defendants Catherine Bauman, Thomas Finco, David Leach, Michigan Department of Corrections ("MDOC"), Robert Napel, Cathleen Stoddard, and Jeffrey Woods filed the instant Motion to Transfer Case and Change Venue on October 24, 2017. (Doc. 29).

As an initial matter, I note that the State of Michigan is not a "person" subject to suit within the meaning of 42 U.S.C. § 1983. *Accord, E.g.*, *Will v. Michigan Dept. of State Police*, 491 U.S. 59, 65-66 (1989). The State of Michigan, therefore, is not subject to Plaintiff's suit in this or any other district, and naming it as a defendant will not shield Plaintiff's suit from Defendants' venue challenge.

Prior to the order of reference in this case, Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), and the United States Marshal was ordered to serve the Complaint on all defendants. (Docs. 7, 8). It appears that service was erroneously ordered prior to the case being screened under 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), because a review of the complaint shows that venue in this case does not lie in this district. Venue in a federal question case lies in the district in which any defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred. 28

2

U.S.C. § 1391(b). In the instant case, all defendants "reside" in the Western District of Michigan—*i.e.*, Montcalm County, Marquette County, Chippewa County, Alger County, Baraga County, Ingham County, Eaton County, and Clinton County—and all relevant events in the Amended Complaint occurred at Carson City Correctional Facility, the Marquette Branch Prison, the Chippewa Correctional Facility, the Alger Correctional Facility, and the Baraga Correctional Facility, all of which are located firmly in the Western District of Michigan. 28 U.S.C. § 102(b).

Where this Court faces a case "laying venue in the wrong division or district," it "shall dismiss" that case, "or if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. 1406(a). I suggest that the case be transferred to the Western District where venue is proper.

## III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d

390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 8, 2017            S/ Patricia T. Morris
                                   Patricia T. Morris
                                   United States Magistrate Judge


## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Rufus Spearman #320836 at Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

Date: November 8, 2017             By s/Kristen Castaneda
                                   Case Manager